UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

SARAH MARIE MUCHMORE,            No. 10-10890

           Debtor(s).
_____/

Memorandum and Order Denying Application to Reopen Case
_____

       Chapter 7 debtor Sarah Muchmore has filed an application to reopen this Chapter 7 case in order to file an amended schedule to add omitted creditors. Since this amendment would be a meaningless act, the application to reopen will be denied.

       Omitted debts are covered by § 523(a)(3) of the Bankruptcy Code. The key provision is "notice or actual knowledge" of the bankruptcy, not scheduling. If this case was closed as a no-asset case, informing the creditor of it even after it has been closed may be sufficient to discharge the debt if no grounds to contest the discharge of the debt ever existed. **If the debt would have been excepted from discharge pursuant to § 523(a)(2), (4), or (6), but the creditor did not have knowledge of the case in time to file a timely adversary proceeding pursuant to § 523(c), then the debt may be nondischargeable under § 523(a)(3).** In re Lochrie (9th Cir.BAP 1987) 78 B.R. 257.

       If there is any dispute as to whether a debt has been discharged, it must be resolved in an adversary proceeding pursuant to FRBP 7001(6). **Such an adversary proceeding may be filed without reopening the case.** In re Staffer, 306 F.3d 967, 972-73 (9th Cir. 2002). Nor is a filing fee

1

required. FRBP 4007(b).

A motion to reopen must be denied when it would not result in any relief. In affirming the bankruptcy court's refusal to allow a debtor to reopen his case, the Court of Appeals specifically noted: "After [a Chapter 7 case] has been closed, dischargeability is unaffected by scheduling; amendment of [the debtor's] schedules would thus have been a pointless exercise." In re Beezley, 994 F.2d 1433, 1434 (9th Cir. 1993). See also In re Madaj, 149 F.3d 467, 468 (9th Cir. 1998)[In a Chapter 7 case "reopening the case merely to scheduled [an omitted] creditor is for all practical purposes a useless gesture."].

For the foregoing reasons the application to reopen this case is denied, without prejudice to an adversary proceeding. If such an adversary proceeding is filed by the debtor, a copy of this memorandum shall be served on the defendants with the complaint.

Dated: September 29, 2010

Alan Jaroslovsky
U.S. Bankruptcy Judge

2